UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAIMI L. BOWERS, | ) | CASE NO.  4:08CV2095 |
| Plaintiffs, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| HONORABLE MICHAEL W. WYNNE, SECRETARY OF THE AIR FORCE | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | [Resolving Doc. 13] |

This matter comes before the Court on Defendant's' Motion to Dismiss (Doc. 13). Plaintiff has filed her Opposition to the Motion (Doc. 14), and the Court has been advised, having considered the complaint, the motion, the opposition, and applicable law.  For the reasons that follow, Defendant's motion is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

**I.     STATEMENT OF FACTS**

Plaintiff, Jaimi L. Bowers, filed her complaint against Defendant, the Secretary of the Air Force ("the Secretary"), on September 2, 2008.  Bowers' complaint is based upon her employment as an Air Reserve Technician ("ART").  Throughout her employment, Bowers was considered a dual-status employee because her position contained both civilian and military components.  ARTs are defined as:

> Full time civilian employees who are also members of the Air Force unit in which they are employed. In addition to their civilian assignments, they are assigned to equivalent positions in the Reserve organization with a Reserve military rank or grade. ARTs must maintain active membership in their Reserve unit of assignment and keep satisfactory participation in order to keep their ART position.

*Willis v. Roche*, 256 Fed. Appx. 534, 537 n.2 (3d Cir. 2007); also see Doc. 13-3 at 5.

In her complaint, Bowers alleges that her termination was in violation of the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act (gender discrimination). Bowers also alleges that her termination was the result of unlawful retaliation. The Secretary moved to dismiss the complaint, alleging that this Court lacks subject matter jurisdiction to consider Bowers' claims. The Secretary argues that the military nature of Bowers' position precludes review by this Court. The Court now reviews the merits of that argument.

**II.     LEGAL STANDARD**

The Sixth Circuit has recognized that there are generally two types of challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial challenges and factual challenges. *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence[.]" *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (original emphasis).

**III.    ANALYSIS**

The Secretary asserts that the *Feres* doctrine mandates dismissal of this suit.  The Court agrees.

In *Feres v. United States*, 340 U.S. 135 (1950), the Supreme Court held that because "the relationship of military personnel to the Government has [historically] been governed exclusively by federal law," courts "cannot impute to Congress ... [,] in the absence of express congressional command," the intent to authorize civil suits against the government by members of the armed services.  *Id.* at 146; *see also Major v. United States*, 835 F.2d 641 (6th Cir. 1987).

> Although *Feres* and *Major* involved the Federal Tort Claims Act, 28 U.S.C. § 1346, subsequent cases have expanded the *Feres* doctrine to encompass, inter alia, discrimination claims brought under Title VII, 42 U.S.C. §§ 2000e et seq., *see Fisher v. Peters*, 249 F.3d 433, 437-38 (6th Cir.2001), and claims for the violation of constitutional rights brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), s*ee Chappell v. Wallace*, 462 U.S. 296, 304 (1983).

*Brown v. Roche*, 206 Fed. Appx. 430, 432 (6th Cir. 2006).

In addressing this issue as it relates to National Guard technicians, the Sixth Circuit has held that the National Guard technician position is "irreducibly military" for purposes of the *Feres* doctrine and that technicians therefore may not file suit in district courts.  *Fisher*, 249 F.3d at 439.  This Court can find no distinction between Bowers' position as an Air Force technician and the National Guard technician positions at issue in *Fisher* and *Brown*.

In *Fisher*, the Sixth Circuit noted that its prior precedent supported the trial court's conclusion that it lacked jurisdiction.  The Court specifically relied upon *Leistiko v. Stone*, 134 F.3d 817, 818 (6th Cir. 1998).  Leistiko was a dual status employee due to the fact that he was required to be a member of the Ohio National Guard and was also a federal civilian technician.

3

*Leistiko v. Secretary of the Army*, 922 F.Supp. 66, 69 (N.D.Ohio 1996). Leistiko was later terminated after a seizure left him unable to maintain his required status as a "rated aviator."

> Leistiko filed suit alleging, among other claims, that the Secretary of the Army discriminated against him in violation of the Rehabilitation Act. … [T]he court … recognized that "every Court of Appeals that has construed this section in a military context has held that it creates a right of action only in civilian, not military, employees of the armed forces." *Id*. (citations omitted). This court upheld the district court's grant of summary judgment to the Secretary of the Army and specifically voiced approval for the lower court's conclusions.
>
> "[A]s the district court correctly held, the Rehabilitation Act has no application to employees occupying hybrid positions that are 'irreducibly military in nature.' *Leistiko*, 922 F.Supp. at 75. The district court was correct in observing that "[e]very court having occasion closely to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature," *id*. at 73 (citations omitted), and we are satisfied that Col. Leistiko's technician job was of this nature." *Leistiko*, 134 F.3d at 820-21.

*Fisher*, 249 F.3d at 438-39.

> The *Fisher* Court continued as follows:
>
> Plaintiff ignores the unambiguous statements made in *Leistiko* that the positions of National Guard technicians are "irreducibly military in nature." In affirming the grant of summary judgment, this court did not discuss the facts of the underlying employment action taken which precipitated the suit. Rather, we simply confirmed that National Guard technician positions are irreducibly military in nature and that the Rehabilitation Act does not apply to hybrid positions that are irreducibly military in nature.

*Id*. at 439. Finally, in *Fisher*, the Sixth Circuit approvingly cited to *Brown v. United States*, 227 F.3d 295 (5th Cir. 2000).

> Brown sued the United States Air Force, alleging that the events leading up to his discharge and his actual discharge were discriminatory and retaliatory. *Id*. The Fifth Circuit determined that 42 U.S.C. § 2000e-16 and 29 C.F.R. 1614.103(d)(1) governed the case and acknowledged that § 2000e-16 applied only to suits by civilian employees of the military departments and not to suits by members of the armed forces. *Id*. at 298. The court concluded that claims arising purely from an ART's civilian position are provided for under Title VII while claims that originate from an ART's military status are not cognizable. *Id*. at 299. Thus, employment discrimination claims involving ART's, who are required to maintain both a civilian position and a military position, must be categorized as either

> arising from the position as a civilian employee of a military department or the position as a uniformed service member. *Id*. at 299.
>
> The appellate court concluded that Brown's discrimination claim constituted a claim made by a member of the "uniformed services." *Id*. The court reasoned that Brown sought review of actions taken by the military that formed the basis of his military discharge and that while these actions had a civilian component, as his discharge made him ineligible for his civilian position, they were actions taken within the military sphere. *Id*.

*Fisher*, 249 F.3d at 440-41. Assuming arguendo that *Fisher* does not compel dismissal on solely the fact that Bowers' position is irreducibly military, the Court finds that dismissal is still appropriate.[1]

The allegations in the complaint make clear that Bowers' complaint is foreclosed by the test set forth in *Brown* and approved of in *Fisher*.  Bowers asserts that her superiors, Major Dawn Sturdevant and Major Ronald Coburn, terminated her employment in violation of Title VII and the Rehabilitation Act.  It is undisputed that Majors Sturdevant and Coburn supervised Bowers in both her civilian and military capacities.  Furthermore, the complaint also asserts that Bowers was terminated in retaliation for filing a Fraud, Waste, and Abuse complaint against Major Sturdevant.  It is further undisputed that this complaint involved military matters, including allegations that Sturdevant engaged in conduct unbecoming an officer and improperly engaged in fraternization.  Based on the facts as plead by Bowers, the Court finds the rationale of the Third Circuit persuasive:

> In this case, it is clear that Willis' claims do not arise purely from the civilian aspects of his job as an ART. All of Willis' claims arise out of his relationship with Uber, who is Willis' supervisor in both his military and civilian capacities. It therefore would be difficult, if not impossible, to partition Willis' relationship with Uber into civilian and military components.  As a result, "[a]ny attempt

---

[1] The Court notes that Bowers' opposition contains no argument that her claims are not irreducibly military in nature.  Accordingly, following the broad language of *Fisher*, the Court must dismiss the complaint as ART positions are indistinguishable from the technician position at issue in *Fisher*.

> surgically to dissect and analyze the civilian relationship between [Willis and Uber], with its military dimensions, ... would itself threaten to intrude into their military relationship." *Overton v. New York State Div. of Military and Naval Affairs*, 373 F.3d 83, 96 (2d Cir. 2004). *See Wright v. Park*, 5 F.3d 586, 591 (1st Cir. 1993) (dismissing § 1983 claim on *Feres* grounds, noting that "a technician's dual roles are too tightly imbricated to be pried apart at a litigant's whim").

*Willis*, 256 Fed. Appx. at 537 (footnote omitted).

As was the case in *Willis*, it is not possible to separate the civilian aspects of Bowers' complaint from its military attributes.  Her gender and disability discrimination claims focus upon actions taken by Majors Sturdevant and Coburn, and Bowers has made no attempt to distinguish between their capacities as her civilian supervisors and her military supervisors.  Furthermore, Bowers' retaliation complaint is founded upon her filing of an internal complaint that deals strictly with military matters. Accordingly, the Court finds that it lacks the ability to separate Bowers' complaint into civilian and military components.

The Court is also not persuaded by Bowers' reliance on *Jentoft v. United States*, 450 F.3d 1342 (Fed.Cir. 2006).  In *Jentoft*, the Federal Circuit found that a National Guard technician's complaint under the Equal Pay Act was not barred by the *Feres* doctrine.  In its holding, that Court relied upon 10 U.S.C. § 10216(a)(1) which provides that "[f]or purposes of this section and any other provision of law, a military technician (dual status) is a Federal civilian employee[.]"  In so holding, the *Jentoft* Court noted that it was in direct conflict with the Sixth Circuit's ruling in *Fisher*.  The Court cannot rely on the *Jentoft* holding in the face of binding Sixth Circuit precedent to the contrary.

Additionally, upon reviewing it, the Court does not find *Jentoft* to be persuasive.  In the context of an ART, the Fifth Circuit expressly rejected an argument that *Jentoft* supported a finding that the trial court had jurisdiction.

6

> The rule articulated in *Brown* applies, notwithstanding the statement in § 10216(a) that "a military technician (dual status) is a Federal civilian employee." That provision also provides that a military technician "is required as a *condition* of that employment [(i.e., the civilian employment)] to maintain membership in the Selected Reserve ...." § 10216(a)(1)(B) (emphasis added). Consistent with this provision, Brown recognized that "ARTs, such as Brown, *are civilian employees* whose positions *require that they also serve in the military reserves*." 227 F.3d at 297 (emphasis added). The court concluded that these civilian employees could not bring Title VII claims arising from events related to their military reserve status, a necessary condition of their civilian employment.
>
> As we explained in *Brown*, Title VII claims arising from an ART's military status constitute an impermissible "intrusion into military personnel decisions." 227 F.3d at 299. Nothing in the legislative history of § 10216(a)(1)(B) suggests that Congress intended to intrude on such military personnel decisions. Adopting the rule implied by appellant's distinction would create an absolute right of ARTs, as dual status employees, to assert Title VII claims against the Air Force, even for claims arising from events falling wholly within "the military sphere." Section 10216(a) does not countenance this result, and based on *Brown* we reject it.

*Williams v. Wynne*, 533 F.3d 360, 367 (5th Cir. 2008). The Court agrees with the logic espoused in *Williams* and likewise concludes that *Jentoft* is not persuasive.

Bowers' reliance on *McGinnis v. U.S. Air Force*, 266 F.Supp.2d 748 (S.D. Ohio 2003) also does not support a finding of jurisdiction. There is no discussion of the *Feres* doctrine or jurisdiction in *McGinnis*. Accordingly, the mere fact that plaintiffs in the same Air Force position as Bowers were able to proceed does little to aid in the Court's analysis. As detailed above, the authority in this Circuit compels a conclusion that Bowers' claims are nonjusticiable in a district court.

Finally, in passing, Bowers asserts that the Secretary should be estopped from asserting that Bowers' claims are military in nature because of the manner in which the matter has proceeded to date. Bowers may not use estoppel to confer jurisdiction upon this Court where it does not exist. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 702, (1982);

7

*Fisher*, 249 F.3d at 444. As such, even a meritorious argument on estoppel would not alter the Court's conclusion that it lacks jurisdiction to hear the claims raised by Bowers.

### IV. CONCLUSION

The Secretary's motion to dismiss (Doc. 13) is GRANTED. The complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date: March 31, 2009  */s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT